IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

WILEY ZACHARY CARROLL                                                           PLAINTIFF

V.                                          CIVIL ACTION NO. 3:21-CV-00248-RP

WARDEN LODEN and
MS. BARBRA JAMES                                                   DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Wiley Zachary Carroll, an inmate housed at the Marshall County Correctional Facility located in Holly Springs, Mississippi, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden Loden and Ms. Barbra James. Doc. # 1. Having fully considered his allegations and the applicable authority, the Court finds that Carroll's complaint must be dismissed.[1]

Screening Standards

Because Carroll has been permitted to proceed *in forma pauperis* in this action,[2] his claims are subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2).[3] Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *Id.* A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke*

---

[1] As Carroll consented to United States Magistrate Judge jurisdiction in this case in accordance with 28 U.S.C. § 636(c), *see* Doc. # 5, the undersigned has the authority to enter this memorandum opinion and order and the accompanying judgment.
[2] *See* Doc. #7.
[3] *See also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status).

*v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that would be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

Plaintiff's Allegations and Procedural Posture

In the instant action, Carroll complains primarily about a lack of fresh air, insufficient heating and cooling systems, and exposure to the outside elements. According to Carroll, he was transferred to the Marshall County Correctional Facility ("MCCF") on or about August 31, 2021 and placed in a unit with no windows nor proper heating and cooling sources. Carroll was moved to general population on or about September 9, 2021, and again complains that there was no heat provided.

Carroll alleges that he and another inmate were told they would be moved to another zone with better air conditioning and heat. Thus, the two were transferred to a new zone on or about November 22, 2021, but Carroll asserts heat was still lacking. He also avers that there are two large holes in the ceiling which allow leaks from rain, cold air, and other outside elements inside where the inmates sleep.

Carroll additionally complains about a long outdoor walkway to the chow hall, alleging that he and other inmates are forced to walk outside in the elements, whether it be hot or cold, to get their meals. Lastly, Carroll opines that the facility fails to provide sufficient job or work programs for the inmates.

Carroll filed the instant action on December 8, 2021, asserting claims under 42 U.S.C. § 1983 against Defendants Warden Loden and Ms. Barbra James. Doc. # 1. Carroll seeks injunctive relief, specifically requesting better heating, that the chow hall and meals be brought to the inmates or, in the alternative, that the walkway to the chow hall be enclosed, and that the holes in the ceiling be fixed. *See id.* Carroll additionally requests compensatory and punitive damages. *Id.*

On January 26, 2022, the Court entered an Order requiring Carroll to submit additional information, particularly directing Carroll to provide a detailed description of each named Defendant's personal involvement in the actions or inactions alleged in his complaint. Doc. # 10. Carroll submitted his response to the aforementioned order on February 14, 2022. Doc. # 12.

Eighth Amendment

"[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989), *cert denied*, 493 U.S. 969 (1989) (citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n. 5 (citation omitted). Although prison officials have certain duties under the Eighth Amendment, these duties are limited to providing prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n. 10 (5th Cir. 1995)(quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotations omitted). Prison conditions constitute cruel and unusual punishment, and are violative of the Eighth Amendment, *only* when such conditions result in "unquestioned and serious deprivation of basic human needs" or "deprive inmates of the minimal

3

civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347(1981); *see also Hudson v. McMillian,* 503 U.S. 1, 8–10 (1992) (citations omitted).

As mentioned above, Carroll complains about insufficient heating and cooling sources and exposure to outside elements. Carroll, however, has not alleged, much less demonstrated, that he suffered any physical injury or harm as result of the conditions alleged. In a case filed under 42 U.S.C. § 1983, the plaintiff must show more than *de minimis* physical injury to prevail – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). In sum, taking into account the "totality of the circumstances" *see McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), Carroll has failed to identify any "basic human need" of which he was denied for an unreasonable period of time. *See Woods*, 51 F.3d at 581. Consequently, Carroll has failed to establish a constitutional deprivation, and his claim, therefore, must be dismissed.

## Supervisor Liability

Even assuming, *arguendo*, that Carroll's allegations indicated a cognizable constitutional deprivation, he has failed to state a valid claim against Defendants Loden and James. A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Instead, to state a viable claim under Section 1983, the plaintiff must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozana v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). There are only two scenarios in which a supervisor may be held liable under § 1983: (1) when he affirmatively participates in the incident, or (2) when he implements

an unconstitutional policy that results in the constitutional injury. *Wernecke v.* Garcia, 591 F.3d 386, 401 (5th Cir. 2009). Consequently, a supervisory official "can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

Carroll names MCCF Warden Loden and Ms. Barbra James, identified by Carroll as Mississippi Department of Corrections' ("MDOC") "Co-ordinator Contract Monitor," as Defendants in this action. Carroll's complaint, however, contains no allegations indicating any personal involvement by either individual defendant in the alleged constitutional violation(s). Instead, Carroll includes a copy of a letter written to Warden Loden in which he complained of the alleged conditions. In Carroll's response to the Court's order directing him to submit additional information, he emphasizes Ms. James' role as MDOC contract monitor and asserts that she was neglected her duties in that capacity. As to Warden Loden, Carroll actually commends his actions since coming to MCCF and avers that Loden has taken steps to improving the alleged poor conditions. Carroll does, however, complain that Loden was aware of the holes in the ceiling, yet failed to compensate Carroll for property damage allegedly caused by the leaks.

Simply put, Carroll's allegations fail to establish the requisite personal involvement in the alleged constitutional violations. *See Woods*, 51 F.3d at 583. Additionally, a Section 1983 plaintiff cannot proceed against a prison official based solely on the official's participation in the prison grievance process. *Dehghani v. Vogelgesang*, 226 F. App'x 404, 406 (5th Cir. 2007). It is clear that both Warden Loden and Ms. Barbra James have been named defendants in this action merely due to their positions of authority at MCCF and participation in the grievance process; thus, they must be dismissed from this action. *See Oliver v. Scott*, 276 F.3d 736, 742 n.6 (5th Cir. 202) (Section 1983 does not allow a supervisory official to be held liable for the actions of

their subordinates); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."). Moreover, negligent conduct by prison officials—which Carroll alleges regarding Ms. James—does not rise to the level of a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

## Conclusion

Based on the foregoing discussion, the Court finds that Carroll has failed to state a cognizable constitutional claim. Accordingly, the Court finds that this action should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Carroll is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is in imminent danger of some physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered today.

**SO ORDERED**, this the 28th day of February, 2022.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE